UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

```
IN RE:                          )
                                )    Chapter 7
FRANKLIN D. DEEMER              )
                                )    Bankruptcy No. 06-00942
     Debtor.                    )
------------------------------  )
RUTH ANN DEEMER                 )
                                )    Adversary No. 06-9169
     Plaintiff,                 )
                                )
vs.                             )
                                )
FRANKLIN D. DEEMER              )
                                )
     Defendant.                 )
```

**ORDER RE: MOTION TO DISMISS**

This matter came before the undersigned on January 8, 2007 on Debtor's Motion to Dismiss Plaintiff's Complaint. Plaintiff Ruth Ann Deemer was represented by attorney Yara El-Farhan Halloush. Debtor/Defendant was represented by attorney Janet Hong. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**STATEMENT OF THE CASE**

Plaintiff seeks to except debt from discharge under 11 U.S.C. § 523(a)(5). She asserts that debts owed by Debtor to Best Buy and Sears are nondischargeable as debts for "domestic support obligations."

Debtor filed his Chapter 7 petition on August 18, 2006. Discharge entered on December 6, 2006. Plaintiff is Debtor's estranged wife. According to the Complaint, the parties have been separated since December 2005 and their divorce proceedings have been under negotiation since early 2006. Debtor filed a dissolution case in Linn County, Case No. CDDM32728, which is not yet finalized.

Debtor moves to dismiss the Complaint for failure to state a claim upon which relief may be granted. He asserts the debts in question are not owed to Plaintiff but are joint debts owed to third parties; they are not in the nature of support; and they

were not established by a separation agreement, divorce decree, or property settlement agreement.

Plaintiff argues that debts payable to third parties can be viewed as nondischargeable support obligations if they were intended to serve as such.  She acknowledges that no final Decree of Dissolution has been entered between the parties.  She argues, however, that § 101(14A)(C) defines a Domestic Support Obligation, excepted from discharge under § 523(a)(5), as a debt "subject to establishment" by a dissolution decree.

Plaintiff points out that Debtor filed his Chapter 7 petition after he evicted her from the family home.  She was not included as a creditor in the schedules.  She asserts that she is attempting to safeguard her rights regarding the parties' joint debts without violating the discharge injunction by addressing these matters in the dissolution case.

## CONCLUSIONS OF LAW

Debtor moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  A complaint may be dismissed under Rule 12(b)(6) only if it is clear that no relief can be granted under any set of facts that could be proven consistent with the allegations.  DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir. 2002).  In considering a motion to dismiss under Rule 12(b)(6), the court must assume that all facts alleged by the complaining party are true, and must liberally construe those allegations.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Gross v. Weber, 186 F.3d 1089, 1090 (8th Cir. 1999).

The issue is whether the parties' joint debts to Best Buy and Sears are included in the definition of "domestic support obligation" in § 101(14A).  Under § 523(a)(5), a Chapter 7 discharge does not discharge an individual debtor from any debt for a "domestic support obligation."  This term is defined in § 101(14A) as follows:

> The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is--
>
> 1. (A) owed to or recoverable by–

2

>    (i) a spouse, former spouse, or child of the debtor
> or such child's parent, legal guardian, or responsible
> relative; or
>
>    (ii) a governmental unit;
>
> (B) in the nature of alimony, maintenance, or support
> (including assistance provided by a governmental unit)
> of such spouse, former spouse, or child of the debtor
> or such child's parent, without regard to whether such
> debt is expressly so designated;
>
> (C) established or subject to establishment before, on,
> or after the date of the order for relief in a case
> under this title, by reason of applicable provisions
> of--
>
>    (i) a separation agreement, divorce decree, or
> property settlement agreement;
>
>    (ii) an order of a court of record; or
>
>    (iii) a determination made in accordance with
> applicable nonbankruptcy law by a governmental unit;
> and
>
> (D) not assigned to a nongovernmental entity, unless
> that obligation is assigned voluntarily by the spouse,
> former spouse, child of the debtor, or such child's
> parent, legal guardian, or responsible relative for the
> purpose of collecting the debt.

11 U.S.C. § 101(14A) (2005).

This definition was enacted by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA). It has an impact throughout the Bankruptcy Code on issues of discharge, the automatic stay, priorities, exemptions, the means test, and the calculation of disposable income in a Chapter 13 case. See generally, Liz A. Carson, The Domestic Support Obligation Under BAPCPA, 2006 Norton Bankr. L. Adviser No. 06 (June 2006); Lynne F. Riley & Maria C. Furlong, The Complex Intersection of Divorce and Bankruptcy in the 21st Century, 16 J. Bankr. L. & Prac. 2 Art. 1 (April 2007).

One commentator has considered the language in § 101(14A)(C) that provides that the order, agreement or determination creating the domestic support obligation could be one in existence prior

3

to or coming into existence after the filing of the bankruptcy case.  See Hon. William Houston Brown, Bankruptcy and Domestic Relations Manual, §§ 1.2, 6.5 (2006).  He notes that the "subject to establishment" language would seem to fit with the expansion of the exception from the automatic stay for domestic relation actions.  Id. at § 6.5.  "This is not so much an expansion of the actual exception from discharge as a complement to the changes made to the automatic stay that will more broadly permit continuations of domestic relations actions in nonbankruptcy courts."  Hon. William Houston Brown & Lawrence Ahern III, 2005 Bankruptcy Reform Legislation with Analysis, § 7.42 (2006). Under the provisions of BAPCPA, "a domestic support obligation may be enforced against property of the debtor, both during the chapter 7 case without violation of the automatic stay, and after entry of a discharge without violation of the discharge injunction."  In re Covington, 2006 WL 2734253, *1-2 (Bankr. E.D. Cal. 2006); 11 U.S.C. §§ 362(b)(2)(B) & 522(c)(1).

**ANALYSIS**

Under § 523(a)(5) and § 101(14A) as they apply to this case, Plaintiff must prove that the debt is (1) owed to or recoverable by her, (2) in the nature of support and (3) established or subject to establishment pre- or post-petition by reason of a separation agreement, divorce decree, property settlement agreement or court order.  Assuming the facts alleged in the complaint are true, the debts to Sears and Best Buy are not owed to or currently recoverable by Plaintiff.  They are the parties' joint debts, owed to third parties.

Plaintiff asserts in the Complaint that "the definition of Domestic Support Obligation clearly extends to debts that have not yet been included in a final divorce decree."  She cites no authority for this statement and the Court is aware of none. Rather, the only authority of which the Court is aware states that the § 101(14A) definition likely does not dictate a change in what is excepted from discharge.

Under pre-BAPCPA law, § 523(a)(5) included the statutory requirement that the debt is "in connection with a separation agreement, divorce decree or other order of a court of record." 11 U.S.C. § 523(a)(5) (2004).  The new language of § 101(14A) continues to include a similar statutory requirement.  Allowing the debt to be "subject to establishment" postpetition does not remove the requirement that the debt be established by reason of a separation agreement, divorce decree, property settlement or order at the time of the Court's review for purposes of dischargeability.  At this time, there is no debt established by

4

reason of a divorce decree and owed to Plaintiff which the Court can find is excepted from discharge under § 523(a)(5).

Plaintiff has concerns regarding whether she can raise the issue of Debtor's liability on the Sears and Best Buy debts in the parties' dissolution of marriage proceedings, in light of Debtor's discharge in his Chapter 7 case. Certainly the dissolution court can consider both parties' current assets and liabilities, as well as the fact that Debtor received a bankruptcy discharge, in determining support and the division of assets and debts between the parties. Although Debtor's discharge ends his liability to Sears and Best Buy, it has no effect on the dissolution court's post-discharge determination of the equities between the parties regarding marital debts.

In summary, the Court finds that Debtor's motion to dismiss for failure to state a claim should be granted. At the present time, the parties' joint debts to Sears and Best Buy are not domestic support obligations. They are not owed to or recoverable by Plaintiff from Debtor and are not currently established by an order of the dissolution court.

**WHEREFORE,** Debtor's Motion to Dismiss is GRANTED.

DATED AND ENTERED:

January 24, 2007

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE